**In re PERSONALIZED MEDIA COMMUNICATIONS, L.L.C., PATENT LITIGATION**

**Pegasus Development Corp., et al. v. Directv, Inc., et al., D. Delaware, C.A. No. 1:00–1020.**

**Personalized Media Communications, L.L.C. v. Scientific–Atlanta, Inc., et al., N.D. Georgia, C.A. No. 1:02–824.**

**No. 1509.**

Judicial Panel on Multidistrict Litigation.

April 11, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

## *ORDER DENYING TRANSFER*

### WM. TERRELL HODGES, Chairman.

This litigation consists of two actions pending, respectively, in the District of Delaware and the Northern District of Georgia. The two remaining defendants in the Georgia action, Scientific–Atlanta, Inc., and PowerTV, Inc., move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Delaware. Three of the four Delaware action defendants, DIRECTV, Inc., Hughes Electronics Corp., and Thomson Inc., support transfer of the Georgia action to the District of Delaware. Opposed to transfer are i) Personalized Media Communications, L.L.C., which is the plaintiff in the Georgia action and the co-plaintiff in the Delaware action, and ii) Delaware action co-plaintiff Pegasus Development Corp.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movants have failed to persuade us that any common questions of fact and law in this docket consisting of only two actions (one of which has been pending for almost two and one half years) are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). *See also Manual for Complex Litigation, Third,* § 31.14 (1995).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.